Hollis, Wright & Co. *v.* J. & E. D. Staley.

HOLLIS, WRIGHT & CO., *v.* J. &. E. D. STALEY.

PARTNERSHIP. *Liability of retired partner for firm debts. No lien exists. When.* Where one partner retires from a firm, selling out his interest in the assets to the remaining partners, who continue the business, and stipulate that they will pay the debts, having sufficient assets for that purpose, if they fail to do so, the firm creditors will have no lien on such property as the retiring partner may have withdrawn from the assets at the time of his retirement.

Cases cited: Smith *v.* Edwards, 7 Hum., 106; Croone *v.* Bivens, 2 Head, 339.

FROM PUTNAM.

Appeal from the Chancery Court. W. W. GOODPASTURE, Chancellor.

J. H. WINDLE for Hollis, Wright & Co.

JNO. P. MURRAY and DEATON for Staley.

SNEED, J., delivered the opinion of the Court.

The defendants being partners in trade, and indebted to the complainants, dissolved their partnership, and gave notice thereof. The defendant, E. D. Staley, retired under an agreement with James Staley that the latter would assume and pay the firm debts, retaining, as the proof shows, ample assets for that purpose. The defendant, E. D. Staley, upon his retirement, and a settlement between the partners, withdrew, of the property alleged to belong to the firm, a wagon and two mules. It seems that the complainants did not prosecute their remedies against James Staley promptly, and the assets were ultimately wasted, both parties becoming insolvent.

The bill was filed to reach the wagon and mules upon an assumed lien of the creditors upon the property as firm property, and on the ground that the property was transferred to E. D. Staley fraudulently, and with a view to insolvency. The fraudulent intent is denied in the answer, and E. D. Staley claims the property as his own, and that the ownership and possession thereof is protected by the exemption laws. In the case of *Smith* v. *Edwards*, 7 Hum., 106, and *Croone* v. *Bivens, et al.*, 2 Head, 339, it is held that where one partner retires from a firm, selling out his interest in the assets to the remaining partners, who continue the business, and stipulate that they will pay the debts, if they fail to do so, and the retiring partner has them to pay, or becomes liable for them, he has no lien in equity upon the partnership assets

for his indemnity. He must rely upon the covenant of the parties.

If the partners have none in such case, the creditors can have none. This is not precisely that case, but we think, in this kind of case, the creditors can have no remedy against the property in question, upon the theory of an equitable lien; but the case stands upon the same footing with a transfer of property by any other person indebted. If fraudulent, creditors of the firm may reach it in the ordinary mode.

We can see no evidence of fraud in this case, and this disposes of the case made in the bill. The complainants are not entitled to satisfaction out of the property in question.

Reverse the decree and dismiss the bill.